**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

T JASON NOYE,                                         :
**individually and on behalf**                        :
**of all others similarly situated,**                 :           **No. 1:15-cv-2253**
    **Plaintiffs**                 :
                                   :           **(Judge Kane)**
         **v.**                 :
                                   :
**YALE ASSOCIATES, INC.,**                            :
    **Defendant**                  :

<u>**MEMORANDUM**</u>

Before the Court is Defendant Yale Associates, Inc.'s motion to strike class allegations

and partially dismiss the complaint.  (Doc. No. 24.)  For the reasons that follow, the Court will

deny the motion.

## I.      BACKGROUND[1]

In February 2015, Plaintiff T Jason Noye applied for the position of Operations

Supervisor with Johnson & Johnson through a staffing company, Kelly Services, Inc. ("Kelly").

(Doc. No. 1 ¶ 32.)  Plaintiff was offered and accepted the position on February 11, 2015.  (<u>Id.</u>)

In his application, Plaintiff indicated that he had been convicted of a crime.  (<u>Id.</u> ¶ 33.)  Kelly

requested information about Plaintiff's conviction, and Plaintiff provided the additional

documentation shortly thereafter.  (<u>Id.</u> ¶¶ 33-34.)

On March 13, 2015, Kelly informed Plaintiff that Johnson & Johnson would not hire

Plaintiff based on a background report obtained from Yale Associates, Inc. ("Yale").  (<u>Id.</u> ¶ 36.)

Yale operates a national database of public records and furnishes consumer reports for

employers.  (<u>Id.</u> ¶ 2.)  However, Plaintiff alleges that Yale misreported four summary offenses

---

[1] These facts are drawn from Plaintiff's complaint (Doc. No. 1), accepted as true for the
limited purpose of the present motion only.

as misdemeanors and three summary offenses as "safety violations" in Plaintiff's background report.[2] (<u>Id.</u> ¶¶ 40, 42-43.)  Plaintiff claims that these inaccuracies cost him his position with Johnson & Johnson.  (<u>Id.</u> ¶ 40.)

On November 24, 2015, Plaintiff initiated the above-captioned action against Defendant Yale Associates, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 <u>et seq</u>.  (Doc. No. 1 ¶ 1.)  In Count I of the complaint, Plaintiff alleges that Defendant violated the FCRA's requirement to (1) notify "the fact that adverse public and criminal record information is being provided to employers or prospective employers" (<u>id.</u> ¶ 58(a)), <u>see</u> 15 U.S.C. § 1681k(a)(1); and (2) "maintain strict procedures to insure that the public record information it sells to employers is complete and up to date" (Doc. No. 1 ¶ 58(b)), <u>see</u> 15 U.S.C. § 1681k(a)(2).  In Count II, Plaintiff alleges that Defendant "willfully and negligently" misreported summary offenses in Pennsylvania as misdemeanors or more serious offenses, thus failing, to "follow reasonable procedures to assure maximum possible accuracy of the information."  (<u>Id.</u> ¶ 63) (citing 15 U.S.C. § 1681e(b)).  Plaintiff brings the above-captioned action on behalf of himself and a putative class.  (<u>Id.</u> ¶¶ 3, 46-53.)  Plaintiff seeks to certify the proposed classes pursuant to Rule 23 and recover statutory damages, punitive damages, as well as reasonable attorneys' fees and costs.[3] (<u>Id.</u> at 13.)

On March 17, 2016, Defendant Yale filed a motion to strike Plaintiff's class allegations, strike punitive damage requests, and dismiss Count I of the complaint.  (Doc. No. 24.)  Defendant filed a brief in support of the pending motion on March 17, 2016 (Doc. No. 25), and

---

[2] Defendant Yale allegedly mailed a copy of the background report to Plaintiff on May 12, 2015.  (Doc. No. 1 ¶ 39.)

[3] Plaintiff also seeks actual damages from the inaccuracies contained in Plaintiff's background report.  (Doc. No. 1 ¶ 44.)

Plaintiff filed a brief in opposition on April 1, 2016 (Doc. No. 28).  The motion is ripe for disposition.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556).  A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the

complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When ruling on a motion to strike, a court must construe all facts in favor of the non-moving party and deny the motion if the defense is sufficient under the law." Powell v. Wetzel, No. 12-02455, 2014 WL 2472088, at *2 (M.D. Pa. June 3, 2014). As a general rule, motions to strike are disfavored, and should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some significant form of prejudice to one of the parties in the action. See Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F.Supp.2d 353, 359 (D. Del. 2009).

## III.    DISCUSSION

### A.    Motion to strike class allegations

Defendant Yale moves the Court to strike Plaintiff's class allegations. (Doc. Nos. 24 at 1; 25 at 4, 7-11.) Defendant argues that: (1) Plaintiff has not met the pleading burden under Rule 23 (Doc. No. 25 at 4, 6-7); (2) the proposed classes fail to establish the prerequisites of commonality and typicality under Rule 23(a) or satisfy the predominance requirement under Rule 23(b)(3) (id. at 5, 7-11); and (3) Plaintiff's claim for "actual damages" precludes class certification (id. at 8). Plaintiff responds that Defendant's motion to strike is premature or, in the alternative, lacks merit. (Doc. No. 28 at 13-20.)

"[D]istrict courts within the Third Circuit typically conclude that motions to strike class action allegations filed before plaintiffs move for class certification are premature." Goode v. LexisNexis Risk & Info. Analytics Grp., Inc., 284 F.R.D. 238, 244 (E.D. Pa. 2012) (DuBois, J.); accord Weske v. Samsung Elecs., Am., Inc., 934 F. Supp. 2d 698, 707 (D.N.J. 2013) (Martini, J.); Vlachos v. Tobyhanna Army Depot Fed. Credit Union, No. 11-0060, 2011 WL 2580657, at *2 (M.D. Pa. June 29, 2011) (Caputo, J.).  This approach is consistent with the Third Circuit's conclusion that, "[t]o determine if the requirements of Rule 23 have been satisfied, a district court must conduct a 'rigorous analysis.'" Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011), opinion reinstated in part, No. 09-3105 (3d Cir. Apr. 17, 2012) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 (3d Cir. 2008)). "Discovery and full briefing on the merits of class certification are typically required to conduct this rigorous analysis." Goode, 284 F.R.D. at 245 (internal citations and quotations omitted).

Therefore, absent either discovery or full briefing on the merits of class certification, this Court will deny Defendant's motion to strike Plaintiff's class allegations as premature.

**B.    Motion to dismiss Count I for failure to properly allege a § 1681k(a) claim**

Defendant Yale also argues that Count I of the complaint improperly pleads an action pursuant to 15 U.S.C. § 1681k(a).  (Doc. No. 24 at 2.)  Defendant contends that, as presently pleaded, the complaint "alleges that Yale is liable because it failed to comply with both sections (1) and (2) of FCRA §1681k(a)."  (Doc. No. 25 at 12.)  Defendant urges this Court to dismiss Count I for improperly pleading the language of 15 U.S.C. § 1681k(a).  (See Doc. No. 25 at 12-13.)  Plaintiff indeed concedes that a consumer reporting agency is required to comply with either § 1681k(a)(1) or § 1681k(a)(2).  (Doc. No. 28 at 21.)  However, Plaintiff stresses that Defendant failed to comply not only with § 1681k(a)(1), but also with § 1681k(a)(2).  (Id.)

5

Section 613(a) of the Fair Credit Reporting Act, codified at 15 U.S.C. § 1681k(a),

provides that:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall –
>
> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C.A. § 1681k(a).  Count I of the complaint alleges, in relevant part, that:

> Pursuant to section 1681n and 1681o of the FCRA, Defendant Yale is liable for violating FCRA section 1681k(a) by engaging in the following conduct:
>
> (a) Failing to notify consumers contemporaneously of the fact that adverse public and criminal record information is being provided to employers or prospective employers; and,
>
> (b) Failing to maintain strict procedures to insure that the public record information it sells to employers is complete and up to date.

(Doc. No. 1 ¶ 58.)

The Court declines to dismiss Count I on the basis that Plaintiff alleges that Defendant

failed to comply with both § 1681k(a)(1) and § 1681k(a)(2).  (See Doc. No. 28 at 21.)

Defendant's motion to dismiss Count I for improperly pleading 15 U.S.C. § 1681k(a) will be

denied.

### C.   Motion to strike punitive damages

Finally, Defendant Yale moves this Court to strike Plaintiff's request for punitive

damages.  (Doc. No. 25 at 13-14.)  Defendant challenges whether Plaintiff has adequately

alleged willfulness.  (Id. at 14.)  Plaintiff responds (1) that the complaint adequately alleges

willfulness and (2) that the question of willfulness should not be decided at this preliminary

stage.  (Doc. No. 28 at 23-24.)

  "The FCRA provides for an award of punitive damages for willful noncompliance with

the statute in an amount 'as the court may allow.'"  Bach v. First Union Nat. Bank, 149 F. App'x

354, 364 (6th Cir. 2005) (citing 15 U.S.C. § 1681n(a)(1)(B), (a)(2)).  "Liability for willful

violations will lie not only in the case of knowing violations of the statute but also if a defendant

acts with 'reckless disregard' of the statute's terms."  Seamans v. Temple Univ., 744 F.3d 853,

868 (3d Cir. 2014) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007)).  "A

furnisher's objectively unreasonable actions with respect to a particular consumer's account can

support a jury finding of willfulness."   Id.

  Here, the complaint alleges that Defendant Yale "willfully and negligently" violated the

FCRA by misreporting Pennsylvania summary offenses.  (Doc. No. 1 ¶ 63.)  Plaintiff maintains

that Defendant failed to follow "reasonable procedures to assure maximum possible accuracy of

the information" despite having decades to comply with the FCRA.  (See id. ¶¶ 45, 63.)  Upon

consideration of Plaintiff's allegations and guided by the fact-intensive nature of determining

"whether an act was done with knowing or reckless disregard," the Court will deny, at this stage,

Defendant's motion to strike Plaintiff's claims for punitive damages.  Dennis v. Trans Union,

LLC, No. 14-2865, 2014 WL 5325231, at *8 (E.D. Pa. Oct. 20, 2014) (citations omitted).

## IV.   CONCLUSION

  The Court will deny Defendant Yale Associates, Inc.'s motion to strike Plaintiff's class

allegations, strike punitive damage requests, and dismiss Count I of the complaint.  (Doc. No.

24.)  An order consistent with this memorandum follows.