IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T JASON NOYE, : | |
| individually and on behalf : | |
| of all others similarly situated, : | No. 1:15-cv-2253 |
|     Plaintiffs : | |
| : | (Judge Kane) |
|     v. : | |
| : | |
| YALE ASSOCIATES, INC., : | |
|     Defendant : | |

**MEMORANDUM**

Before the Court is Plaintiff T Jason Noye's motion to compel discovery pursuant to Federal Rules of Civil Procedure 26 and 37.[1] (Doc. No. 60.) For the following reasons, the Court will grant Plaintiff's motion.

**I. BACKGROUND**[2]

In February 2015, Plaintiff T Jason Noye applied for the position of Operations Supervisor with Johnson & Johnson through a staffing company, Kelly Services, Inc. ("Kelly"). (Doc. No. 1 ¶ 32.) Plaintiff was offered and accepted the position on February 11, 2015. (Id.) In his application, Plaintiff indicated that he had been convicted of a crime. (Id. ¶ 33.) On March 13, 2015, Kelly informed Plaintiff that Johnson & Johnson would not hire Plaintiff based on a background report obtained from Yale Associates, Inc. ("Yale"). (Id. ¶ 36.)

Yale operates a national database of public records and furnishes consumer reports for employers. (Id. ¶ 2.) Plaintiff maintains that Yale misreported four summary offenses as

---

[1] Plaintiff's motion also urges this Court to compel Defendant to supplement its responses to Interrogatories Nos. 14 and 16. (Doc. No. 60 at 2.) However, Defendant has since represented that it provided Plaintiff with the information it requested regarding Interrogatories Nos. 14 and 16. (Doc. No. 65 at 4.) Plaintiff does not contest this representation, and the Court declines to address Plaintiff's mooted request concerning Interrogatories Nos. 14 and 16.

[2] These facts are drawn from Plaintiff's complaint (Doc. No. 1), accepted as true for the limited purpose of the present motion to compel only.

1

misdemeanors and three summary offenses as "safety violations" in Plaintiff's background report. (Id. ¶¶ 40, 42-43.) Plaintiff claims that these inaccuracies cost him his position with Johnson & Johnson. (Id. ¶ 40.)

On November 24, 2015, Plaintiff initiated the above-captioned action against Defendant Yale Associates, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. (Doc. No. 1 ¶ 1.) In Count I of the complaint, Plaintiff alleges that Defendant violated the FCRA's requirement to (1) notify "the fact that adverse public and criminal record information is being provided to employers or prospective employers" (id. ¶ 58(a)), see 15 U.S.C. § 1681k(a)(1); and to (2) "maintain strict procedures to insure that the public record information it sells to employers is complete and up to date" (Doc. No. 1 ¶ 58(b)), see 15 U.S.C. § 1681k(a)(2). In Count II, Plaintiff alleges that Defendant "willfully and negligently" misreported summary offenses in Pennsylvania as misdemeanors or more serious offenses, thus failing, to "follow reasonable procedures to assure maximum possible accuracy of the information." (Id. ¶ 63) (citing 15 U.S.C. § 1681e(b)).

Plaintiff brings the above-captioned action on behalf of himself and two putative classes. (Id. ¶¶ 3, 46-53.) Namely, Plaintiff seeks to bring the action on behalf of the following classes identified as the "Section 1681k Class" and the "Section 1681e(b) Class," respectively:

> (a) All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report furnished to a third party by Yale, that was furnished for an employment purpose, that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, on or after five years prior to the filing of this action and extending through the resolution of this case, and to whom Yale did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report (the "Section 1681k Class").
>
> (b) All natural persons residing in the United States who, within five years prior to the filing of this action and continuing through the resolution of this case, were

the subjects of background reports prepared by Defendant Yale which disclosed a Pennsylvania summary offense as a misdemeanor or more serious offense (the "Section 1681e(b) Class").

(Doc. No. 1 ¶ 46(a)-(b)) (emphasis added). Plaintiff seeks to certify the proposed classes pursuant to Rule 23 and to recover statutory damages, punitive damages, as well as reasonable attorneys' fees and costs.[3] (Id. at 13.)

On March 17, 2016, Defendant filed a motion to strike Plaintiff's class allegations, strike punitive damage requests, and dismiss Count I of the complaint. (Doc. No. 24.) The Court denied Defendant's motion to strike (Doc. No. 46), and scheduled a status conference on Rule 23 discovery for November 17, 2016. (Doc. No. 54). Following the status conference, Plaintiff's counsel notified the Court that the parties had agreed, inter alia, that Defendant would answer Interrogatory No. 1 "regarding the number of people in the proposed Classes." (Doc. No. 58 at 1.) Interrogatory No. 1 provides as follows:

> State the total number of natural persons residing in the United States and its Territories who were the subject of a consumer report furnished to a third party by Yale, that was furnished for an employment purpose, that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, and that was prepared on or after November 24, 2010.

(Doc. No. 60-3 at 7.) Nonetheless, on April 26, 2017, Plaintiff filed the pending motion to compel urging the Court to order Defendant to supplement its responses. (Doc. Nos. 60, 60-1.) Defendant has filed a brief in opposition on May 10, 2017, and Plaintiff filed a reply brief on May 23, 2017. The motion to compel is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 addresses the matter of failure to cooperate in discovery or to make disclosures. "Specifically, if a party served with discovery fails to respond

---

[3] Plaintiff also seeks actual damages from the inaccuracies contained in Plaintiff's background report. (Doc. No. 1 ¶ 44.)

3

adequately, the serving party may file a motion to compel under Rule 37(a)." Hall v. Rhoades, No. 09-1907, 2013 WL 5488747, at *2 (M.D. Pa. Oct. 1, 2013); Fed. R. Civ. P. 37(a)(1), (a)(3). The scope of discovery is defined by Federal Rule of Civil Procedure 26, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are 'committed to the sound discretion of the district court.'" Pilchesky v. Deputy U.S. Marshal Barone, No. 14-381, 2016 WL 7118147, at *2 (M.D. Pa. Dec. 7, 2016) (quoting DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974)).

## III. DISCUSSION

In its motion to compel, Plaintiff argues that Defendant has provided "incomplete, evasive, and non-responsive answers" to Interrogatory No. 1 by disclosing the number of Pennsylvania consumers, rather than the number of "all consumers in the class nationwide." (Doc. No. 60-1 at 4-6.) Plaintiff submits that it propounded Interrogatory No. 1 to determine the number of consumers in Plaintiff's putative, nationwide "Section 1681k Class." (Doc. Nos. 60-1 at 5-6; 67 at 2.) Defendant contends that Interrogatory No.1 is "attempting to collect information" in "an overly broad and unreasonable scope." (Doc. No. 65 at 3, 8-9.)

4

Limited, precertification discovery is often "essential" to ruling on a motion to certify. See Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011); see Heerwagen v. Clear Channel Commc'ns, 435 F.3d 219, 233-34 (2d Cir. 2006) ("Discovery on the prerequisites of Rule 23 is plainly appropriate . . . and in some cases necessary."); Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir. 2004) ("Allowing time for limited discovery supporting certification motions may also be necessary for sound judicial administration."). "[T]he plaintiff bears the burden of advancing . . . that discovery is likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). "The discovery which is permitted should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant." NEWBERG ON CLASS ACTIONS § 7:17 (5th ed.).

Here, Plaintiff represents that it propounded Interrogatory No. 1 to "determine the number of members in the Section 1681k Class." (Doc. No. 61 at 6.) The number of members nationwide in the Section 1681k Class is relevant to Federal Rule of Civil Procedure 23(a)'s numerosity prerequisite given that the putative class seeks to represent:

> "[A]ll natural persons residing in the United States . . . who were the subject of a consumer report furnished to a third party by Yale . . . that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment" and to whom Yale did not send written notice that it was furnishing the report.

(Doc. No. 60-1 at 3) (quoting Doc. No. 1 ¶ 46(a)). Therefore, the Court is persuaded that Plaintiff has satisfied its burden of showing that the requested discovery "is likely to produce substantiation of the class allegations." Mantolete, 767 F.2d at 1424.

5

As to Defendant's objections, Defendant challenges Interrogatory No. 1 as it relates to Plaintiff's other putative class, the Section 1681e(b) Class.[4] (Doc. No. 65 at 8.) Defendant appears to argue that the nationwide scope of Interrogatory No. 1 is overly broad and unduly burdensome given that the putative <u>Section 1681e(b) Class</u> relates to Pennsylvania summary offenses. (Doc. No. 65 at 8-10) (emphasis added). Thus, Defendant has failed to raise a meaningful challenge to Interrogatory No. 1's relevance to the putative Section 1681k Class. The Court will grant Plaintiff's motion to compel discovery.

## IV. CONCLUSION

The Court will grant Plaintiff T Jason Noye's motion to compel discovery. (Doc. No. 60.) An Order consistent with this Memorandum follows.

---

[4] Defendant argues that: (1) the putative Section 1681e(b) Class reflects "an isolated inconsistency on plaintiffs background report relating to Pennsylvania criminal summary offenses (unique to this jurisdiction);" and (2) Interrogatory No. 1's "request for information on civil liens, judgments or bankruptcies" is overly broad. (Doc. No. 65 at 8-10) (emphasis removed).