# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **T JASON NOYE,** | : | |
| **individually and on behalf** | : | |
| **of all others similarly situated,** | : | No. 1:15-cv-02253 |
| **Plaintiffs** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **YALE ASSOCIATES, INC.,** | : | |
| **Defendant** | : | |

## ORDER[1]

**AND NOW**, on this 15th day of August 2019, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT** Plaintiff's unopposed motion for preliminary approval of class action settlement and notice to class (Doc. No. 89) is **GRANTED** as follows:

1. The Court has considered the proposed settlement of the claims asserted under the Fair Credit Reporting Act ("FCRA") by a class of consumers defined as follows (the "Settlement Class"): all individuals who were subject to at least one consumer report created by Yale containing one or more traffic violations; offenses listed as pending awaiting trial; driving while intoxicated, driving under the influence, or operating while intoxicated offenses; felonies; misdemeanors; or violations, infractions, or summary offenses; which included records provided by Pennell from its court searches, less those reports which included admitted convictions on the application and those where Yale personally spoke to the applicants and confirmed the public record, from November 24, 2010 through November 30, 2017.

2. The Settlement Agreement entered between the parties appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a Final Approval Hearing as provided for herein.

---

[1] To avoid ambiguity, the Court notes that the Order set forth herein is derived from the parties' proposed "Order Preliminarily Approving Settlement and Directing Notice to [the] Class" filed in connection with the instant motion for preliminary approval of class action settlement (Doc. No. 89-6), except as modified in certain instances by the Court. As to capitalized terms used in this Order, the Court incorporates the definitions provided by the parties in their proposed Agreement. (Doc. No. 89-2.)

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

    (a) The Settlement Class consists of approximately 1,115 members;[2]

    (b) The claims of the Class Representative are typical of those of the other members of the Settlement Class;

    (c) There are questions of fact and law that are common to all members of the Settlement Class; and,

    (d) The Class Representative will fairly and adequately protect the interests of the Settlement Classes and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Class.

4. For settlement purposes only, this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6. The Court appoints Plaintiff TJ Noye as the Class Representative. The Court also appoints James A. Francis and David A. Searles of the law firm of Francis & Mailman, P.C. and Marielle Macher of the Community Justice Project as Interim Counsel ("Interim Class Counsel") for the Class.

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **Tuesday, December 17, 2019** at the United States District Court, 228 Walnut Street, Harrisburg, Pennsylvania 17101 in **Courtroom 1 at 9:30 a.m.** for the following purposes:

    (a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

---

[2] While Plaintiff's proposed order lists this figure as 1,500 (Doc. No. 89-6 at 2), in light of the parties' subsequent filings indicating revisions to the proposed settlement documents (Doc. Nos. 89-1, 89-2 at 6), the Court interprets this figure to be 1,115.

(b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(c) To determine whether Interim Counsel should be appointed as Class Counsel, and whether appointed Class Counsel's application for an award of attorney's fees and expenses should be granted;

(d) To consider the application for a service award to the Class Representative; and

(e) To rule upon other such matters as the Court may deem appropriate.

8.

(a) Within fifteen (15) days of entry of this Order, Defendant shall provide a Class List of the Settlement Class Members to the Settlement Administrator, who shall send the agreed upon Notice to the Settlement Class Members in accordance with the Notice Plan set forth in the Settlement Agreement.

(b) Not later than fifteen (15) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

9. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing. A Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Classes for any and all purposes. No later than fifteen (15) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of all people who have timely excluded themselves from the Settlement Class and shall provide such list to Class Counsel and Defendant's Counsel, who will then report the names appearing on this list to the Court at or before the time of the Final Approval Hearing.

11. A Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

12.

(a) Any Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be postmarked within sixty (60) days after the date of mailing of the Settlement Notice. The notice of objection shall be sent by First

3

Class United States Mail, to Class Counsel, Defendant's Counsel, and the Clerk of the Court.

(b) The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of their counsel; (3) all objections and the basis for any such objections stated with specificity; (4) the identity of any witnesses the objector may call Case 1:15-cv-02253-YK Document 89-6 Filed 04/02/19 Page 4 of 5 5 to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of such exhibits; and, (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

13. No later than ten (10) days prior to the Final Approval Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement.

14. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual service award to the Class Representative and for an award of attorney's fees and expenses, shall be filed not later than ten (10) days before the Final Approval Hearing.

15. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected to the Settlement Agreement.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania